IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| NGONG KAW GARANG,<br>Plaintiff, | Civil Action No. 4:18-cv-00270-CRW-CFB |
| vs. | |
| CITY OF AMES, T. HARMS, A. HOCHBERGER, T. FISCHER, B. MCPHERSON, J. CONGDON, D. JOHNSEN, and JOHN DOES 1-10<br>Defendants. | FIRST AMENDED PETITION<br>AND JURY DEMAND |

**FIRST AMENDED PETITION**

COMES NOW the Plaintiff and for his Petition at Law states as follows:

1. Plaintiff is a natural person residing in West Des Moines, Polk County, Iowa.

2. The City of Ames is a municipality as defined by Chapter 670 of the Code of Iowa.

3. The individual Defendants and John Does 1- 10 (hereinafter "officers") are police officers employed by the City of Ames and at all times relevant were acting within the scope of their employment.

**COUNT I**

4. On or about October 15, 2017, at approximately 1 a.m. the Plaintiff, Ngong Kaw Garang (known as "John Garang") was arrested at the Foundry Apartments, 2300 Lincoln Way, Ames, Iowa, and charged with second degree robbery without warrant and without probable cause based upon a reasonable interpretation of facts then and there known to

the officers and subsequently deprived of his liberty for a period of nineteen days, all without credible evidence of a crime committed.

5. The arrest occurred after a resident of the Foundry Apartments at 2300 Lincoln Way, Ames, Iowa, Apartment 403, Wyatt Graves, was assaulted by two or three unknown males whom he let into his apartment. Mr. Graves has a limited memory of events caused undoubtedly from a concussion he sustained when he was rendered unconscious after being struck in the back of the head with a liquor bottle. Mr. Graves was beat senseless with punches and kicks causing multiple bloody injuries which included one of his eyes swollen closed. During the attack Mr. Graves was able to regain consciousness and lock himself in his bedroom. He then called 911 and advised that he had been beaten by three black males. He did not identify any of his assailants by name or by advising that he recognized one as a co-occupant of the Foundry Apartments. When Ames police officers arrived at the Foundry Apartments one of the Ames police officers went upstairs to Apartment 403 and spoke with the victim Wyatt Graves. The officer was advised that Graves had just met the suspects that night. Wyatt Graves further stated that he did not know the names of the suspects.

6. Officer Tyler Fischer and Officer B. McPherson first saw Garang when he was "poking his head" out of a stairway door in the lobby. The official report stated that "this black mail seemed very interested in our activity and our interview with Bijiek, Puosh, and Poul".

7. Garang who resides at Apartment 601 in the complex was waiting for a young

lady and her friends to arrive at the apartment complex and was watching the front door so he could let them in. His actions in looking into the lobby do not constitute probable cause for an assault or a robbery that took place on the 4th floor of his apartment complex. At this time the only fact that connected Garang to the crime was his skin color. These officers took several clothing items from Garang including a shirt they described in the report as "Garang's bloody gray Polo". It is also stated in the report that the clothing items were "observed to potentially have blood on them". Mr. Garang was nowhere near the incident and had no knowledge of its occurrence. Furthermore, Mr. Garang did not have blood on his clothing as described by the arresting officers. There was no liquid or stains or anything on the clothing of Mr. Garang to base the conclusion reached that his clothing "potentially" had blood on it.

8. Plaintiff Garang attempted to explain to the Ames officer who was interviewing him near the front door that he was a resident of the apartment complex. He demonstrated the front door key in his possession that indeed unlocked the front door. No effort was made to confirm if Garang's story was accurate and that he was in the lobby to meet friends. At some point during the encounter in the lobby the victim Wyatt Graves was brought to the lobby or otherwise made his way on his own. Mr. Garang was not brought to the victim for identification nor was Mr. Graves at any time escorted across the lobby to attempt a visual identification using his unswollen eye. The shift commander arrived at the scene and walked across the lobby to the area where the victim was located. At no time did the victim look toward Mr. Garang. At no time did the victim motion toward Mr.

Garang. In fact Mr. Garang was not even facing the elevators where Mr. Graves was located. Instead he was watching his friends just outside the entrance who were observing the spectacle unfolding in the lobby. In a very short time after arriving, the shift commander motioned with his hand above his head in a gesture suggesting that people be rounded up and at the same time announced to the other officers "arrest them all", meaning all the black men in the lobby.

9. At the time of the arrest there was no probable cause that Mr. Garang committed any crime. There were no marks on his hands and no blood on his shirt, his hands or his lower extremities. Mr. Garang had a perfectly logical explanation why he was in the lobby. He was never identified by Mr. Graves as one of the attackers either on the night of the assault or any time thereafter. Mr. Graves and Mr. Garang knew each other from greeting one another in passing in the parking area of the Foundry and yet Mr. Graves stated he had no idea who his attackers were. The criminal complaint and Affidavit signed by Officer Fischer stated that Garang matched the suspect's description given by the victim of a "black male adult". This is the only accurate fact sworn to in the Affidavit. The arrest and lengthy detention of Mr. Garang who was ultimately found to be undeniably innocent (Motion to Dismiss with Prejudice filed November 2, 2017) was based upon the fact he was a black male. The victim did not identify Garang in the lobby of the apartment complex as one of his assailants. Garang was not "carrying property" as alleged in the Affidavit. Garang was not "one of the other (black) males talking about not wanting to go to prison" as alleged in the Affidavit. The witnesses who reported overhearing the prison

conversation were never brought in to confirm or deny that Garang was involved in the conversation.

10. Immediately after the incident the Ames police department confirmed that video evidence existed. The property list of the evidence seized continues the fiction that Mr. Garang had blood on him. The inventory states that officers seized "1 gray Polo with blood" from Mr. Garang.

11. The three males arrested were charged with second degree robbery. Ames officers did not meet with property manager, Summer Feaker, until October 17. It doesn't appear that the Ames police attempted at that time to confirm if Mr. Garang was one of the residents seen by the property manager in the video that she reviewed. Feaker had seen individuals she recognized as residents in the video including Ahsas Bermudez, the victim Wyatt Graves and "the involved offenders". Ms. Feaker did not identify Mr. Garang as one of the residents that she saw in the video. The reason is that Mr. Garang did not enter Apartment 403. However, her failure to indicate his presence in the video did not appear to cause any change of direction in the efforts being made to build a case against Mr. Garang.

12. On October 19 the Ames Police Department reviewed the video evidence. Instead of releasing Mr. Garang and dropping all charges, officers of the Ames Police Department obtained a search warrant for Mr. Garang's apartment. The video evidence of the 4th floor shows the entrance to Apartment 403. Mr. Garang does not appear in the video. The officers investigating this crime did not properly review the video evidence nor

conduct any meaningful investigation with the apartment manager. As a result Mr. Garang had his apartment searched and he remained incarcerated. At some point in time it is believed that the swabs taken from the inside of the victim's mouth revealed there was no DNA on the shirt seized belonging to Mr. Garang. Forensics would have also confirmed that there was no blood on the clothing.

13. Mr. Garang was held in the Story county jail oftentimes in solitary confinement and oftentimes in the general population with hardened criminals for a period of 19 days. At some point in time it became clear that an innocent man had been arrested. Mr. Garang was approached by one of the Story County jailers after dinner on or about November 2, 2017, and without explanation or apology and without a cell phone, street clothes, money or transportation unceremoniously deposited outside of the jail house in Nevada, Iowa, after being told "I guess we got the wrong black guy".

14. The arrest and detention of the Plaintiff was done against his will by the officers causing temporary and permanent emotional distress, shame and humiliation, mental pain, anguish, mental distress, embarrassment and harm to Plaintiff's standing in the community and elsewhere as well as damage to Plaintiff's earning capacity and standing among his peers and others together with the physical manifestation caused by the imprisonment including solitary confinement and the ongoing consequences of the wholly unjustified and shocking actions visited upon him by officers of the law.

15. After the Plaintiff was arrested without any reasonable cause to believe he was guilty of a crime and without any effort to investigate the probable guilt or innocence of

the Plaintiff before arrest, the officers became aware of indisputable evidence that Plaintiff was innocent of all charges and nevertheless continued to hold Plaintiff against his will oftentimes placing him with hardened criminals further endangering the Plaintiff's physical and mental well-being.

16. The arrest of the Plaintiff occurred as a result of the wanton and willful and reckless disregard for the rights of the Plaintiff and the continuing incarceration of the Plaintiff occurred without a reasonable basis for believing the Plaintiff to be a guilty.

WHEREFORE, Plaintiff prays for damages against the City of Ames and the officers, jointly and severally, as allowed by law for the suffering outlined hereinabove, for punitive and exemplary damages, attorney fees and costs and other relief as the court deems just and proper.

## COUNT II

For his further cause of action against the officers Plaintiff states:

17. Plaintiff hereby repleads paragraphs 1 to 16 of Count I of this Petition as if set out herein in full.

18. The civil rights of the Plaintiff under 42 U.S.C. §§ 1983 and 1981 were violated by the officers under the color of law as specified hereinafter.

19. The Plaintiff was deprived of his rights under the Fourth Amendment by reason of the unlawful seizure of his person and continuing imprisonment without cause and contrary to clear and indisputable evidence.

20. The officers deprived the Plaintiff of his Fifth Amendment rights and imprisoned

Plaintiff without due process.

21. The officers deprived the Plaintiff of his Fourteenth Amendment rights by depriving Plaintiff of his liberty without substantive due process.

22. The officers deprived the Plaintiff of his rights under the Fourteenth Amendment by discriminating against the Plaintiff based upon his color and race and denying Plaintiff equal protection under the law.

WHEREFORE, Plaintiff prays for judgment against the officers, jointly and severally, for actual damages, punitive damages, attorney fees, costs and for all other damages allowed under U.S.C. § § 1983 and 1981.

## JURY DEMAND

COMES NOW the Plaintiff and hereby demands a trial by jury in the above cause of action.

/s/ Rob Garver
ROBERT B. GARVER, #AT0002776
475 S. 50th Street, Suite 200
West Des Moines, IA 50265
Telephone: (515) 221-1111
Fax: (515) 221-1570
robgarverlaw@gmail.com
ATTORNEY FOR PLAINTIFF

Original efiled.

Copy via efile to:

Michael C. Richards
215 10th Street, Suite 1300
Des Moines, IA 50309
MichaelRichards@davisbrownlaw.com
ATTORNEY FOR DEFENDANTS

**Certificate of Service**
The undersigned certifies that the foregoing document was served upon all parties to the above cause to each of the attorneys of record or an unrepresented party herein at their respective addresses disclosed on this pleading on 9-06, 2018, by:

    U.S Mail           Fax
    Hand Delivered   Email
    Federal Express  Efile

Signature: /s/ Debra S. Davis