IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| NGONG KAW GARANG<br><br>Plaintiff,<br><br>v.<br><br>CITY OF AMES, T. HARMS, A. HOCHBERGER, T. FISCHER, B. MCPHERSON, J. CONGDON, D. JOHNSEN, AND JOHN DOES 1-10.<br><br>Defendants. | CIVIL ACTION NO. 4:18-cv-00270-CRW-CFB<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

The Defendants, by and through counsel, file the following Answer to Plaintiff's First Amended Complaint:

1. Paragraph 1 is denied for lack of information.

2. Paragraph 2 is admitted.

3. Paragraph 3 is denied for lack of information.

4. It is admitted Plaintiff Garang was arrested at the approximate time and place without a warrant. The remainder of paragraph 4 is denied.

5. Paragraph 5 is an argumentative, narrative string of sentences which violates Federal Rule of Civil Procedure 8(1), requiring a "<u>short</u> and <u>plain</u> statement of the claim…" which cannot be easily admitted or denied and is therefore denied. By way of further response it is admitted that Graves was assaulted at the approximate time and place alleged, that 911 was called, that Graves identified Plaintiff Garang as one of the three individuals who assaulted him to the Ames Police, that Graves asked the officers to arrest the three individuals, including

#3001123

Plaintiff Garang, and that Plaintiff Garang was thereafter arrested. The remainder of paragraph 5 is denied.

6. Paragraph 6 is denied.

7. Paragraph 7 is an argumentative, narrative string of sentences which violates Federal Rule of Civil Procedure 8(1), requiring a "short and plain statement of the claim…" which cannot be easily admitted or denied and is therefore denied. Paragraph 7 is further denied because it contains conclusions of law which are denied. By way of further response it is admitted that Garang resided at the apartment complex where Graves was assaulted and that Graves identified Plaintiff Garang as one of the three individuals who assaulted him to the responding Ames Police officers. The remainder of paragraph 7 is denied.

8. Paragraph 8 is an argumentative, narrative string of sentences which violates Federal Rule of Civil Procedure 8(1), requiring a "short and plain statement of the claim…" which cannot be easily admitted or denied and is therefore denied. By way of further response it is admitted that Graves was assaulted at the approximate time and place alleged, that 911 was called, that Graves positively identified Plaintiff Garang as one of the three individuals who assaulted him to the Ames Police in person in the apartment complex lobby, that Graves asked the officers to arrest the three individuals, including Plaintiff Garang, and that Plaintiff Garang was thereafter arrested. The remainder of paragraph 8 is denied.

9. Paragraph 9 is an argumentative, narrative string of sentences which violates Federal Rule of Civil Procedure 8(1), requiring a "short and plain statement of the claim…" which cannot be easily admitted or denied and is therefore denied. Paragraph 9 is further denied because it contains conclusions of law which are denied. By way of further response it is

admitted that Graves positively identified Plaintiff Garang as one of the three individuals who assaulted him to the responding Ames Police officers. The remainder of paragraph 9 is denied.

10. It is admitted that Ames Police determined that video evidence existed after the event, and that the property list of evidence speaks for itself. The remainder of paragraph 10 is denied.

11. Paragraph 11 is an argumentative, narrative string of sentences which violates Federal Rule of Civil Procedure 8(1), requiring a "short and plain statement of the claim…" which cannot be easily admitted or denied and is therefore denied. By way of further response it is admitted that Plaintiff Garang was arrested after Graves identified Plaintiff Garang as one of the three individuals who assaulted him and was charged with robbery. It is further admitted that Ames Police diligently pursued the investigation after the arrest. The remainder of paragraph 11 is denied.

12. Paragraph 12 is an argumentative, narrative string of sentences which violates Federal Rule of Civil Procedure 8(1), requiring a "short and plain statement of the claim…" which cannot be easily admitted or denied and is therefore denied. By way of further response it is admitted that that Ames Police diligently pursued the investigation after the arrest, which included but was not limited to reviewing video evidence, conducting multiple interviews of witnesses, and examining the scene and other evidence. The remainder of paragraph 12 is denied.

13. Paragraph 13 is an argumentative, narrative string of sentences which violates Federal Rule of Civil Procedure 8(1), requiring a "short and plain statement of the claim…" which cannot be easily admitted or denied and is therefore denied. By way of further response it is admitted that that Ames Police diligently pursued the investigation and ultimately determined

that Plaintiff Garang did not assault Graves, but instead the perpetrators were individuals who were staying with Garang at his apartment for the weekend and who were at a party at Garang's apartment and drinking alcohol with Garang immediately prior to, and immediately after, the assault and robbery of Graves. The remainder of paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff Garang's petition fails to state a claim upon which relief can be granted.

2. Defendants had reasonable grounds to make a warrantless arrest.

3. Defendants had probable cause to make a warrantless arrest.

4. Defendants had reasonable grounds to detain Garang.

5. Defendants had probable cause to detain Garang.

6. Defendants acts were lawful and justified, and they are excused from any liability.

7. Defendants acted in good faith with a reasonable belief that a crime had been committed and that Garang committed the crime, and therefore their acts were justified.

8. Defendants reasonably believed that they had probable cause and reasonable grounds to arrest and detain Garang, and are therefore entitled to qualified immunity.

9. Defendants are entitled to immunity pursuant to the discretionary function exemption found in Iowa Code 670.4(1)(c).

10. Defendants intend to rely on any and all other defenses available to them pursuant to the facts discovered.

WHEREFORE, City of Ames, T. Harms, A. Hochberger, T. Fischer, B. McPherson, J. Congdon, and D. Johnsen (collectively, "Defendants"), pray that Court dismiss this action, award Defendants their fees and costs, and for any other relief the Court deems appropriate.

/s/ Michael C. Richards
Michael C. Richards, AT0010828
DAVIS, BROWN, KOEHN,
SHORS & ROBERTS, P.C.
215 10th Street, Suite 1300
Des Moines, Iowa 50309
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
Email: MichaelRichards@davisbrownlaw.com
ATTORNEYS FOR DEFENDANT
CITY OF AMES; T. HARMS, A. HOCHBERGER,
T. FISCHER, B. MCPHERSON, J. CONGDON,
and D. JOHNSEN

Copies to:

Robert B. Garver
475 S. 50th Street, Suite 200
West Des Moines, IA 50265
Telephone: (515) 221-1111
Facsimile: (515) 221-1570
Email: robgarverlaw@gmail.com
ATTORNEY FOR PLAINTIFF

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on **September 14, 2018** by:

__ U.S. Mail              __ FAX
__ Hand Delivered         __ Overnight Courier
__ Federal Express        **X** CM-ECF/EDMS Filing

Signature: /s/ Michael C. Richards